FORET, Judge.
Defendant, Arthur Lee Roberson, was charged by bill of information with possession of cocaine, a violation of R.S. 40:967(C). Defendant filed a motion to suppress, seeking to have certain evidence declared inadmissible at trial. The trial court denied the motion, and defendant applied for a writ of certiorari from the Fourteenth Judicial District Court, which we have granted. We order the writ made peremptory and reverse the ruling of the trial court.
FACTS
On November 5, 1988, Officers Mike Johnson and Peter Amiott of the Lake Charles Police Department were on routine patrol in the city of Lake Charles. At approximately 8:20 P.M., the officers spotted two men standing in front of a vacant building in the area of Goss and Evans Street, a known drug trafficking area. One of the men was the defendant, Arthur Lee Roberson. Officer Johnson testified that when the subjects spotted the marked police unit, they appeared to get very nervous and, realizing this, the officers decided to stop and ask the men for some identification. Accordingly, the officers parked their police unit on the roadside, at a distance of approximately 20 to 30 feet from the subjects, and proceeded to walk toward them to ask for identification. When the officers neared the subjects, they requested identification, at which time defendant began walking away. When he did so, the officers instructed him to stop, but he refused to do so. Officer Amiott immediately began following the defendant, as the officers feared he might begin to run, while Officer Johnson went to the other side of the building to head the defendant off.
Officer Amiott states that as the defendant walked away, he could see the defendant’s hands moving in his pockets. He also stated that he could see that defendant had something in his right hand, although he could not tell what it was. As the defendant rounded the corner of the building, Officer Amiott observed the defendant bending down and placing a small object underneath the building which Officer Am-iott observed to be a matchbox. The defendant then rounded the building and, as he neared the northeast corner of the building, Officer Johnson observed the defendant stooping down and tossing something “silvery” underneath the edge of the building. After he did this, the defendant stopped and identified himself, although he had no written identification. Officer Johnson then immediately retrieved the item from underneath the building, which turned out to be a pipe commonly used for smoking cocaine. Officer Johnson then asked the defendant why he walked away and the defendant answered that he hadn’t done anything wrong. In the meantime, Officer Amiott retrieved the matchbox which contained a substance which appeared to be cocaine “rocks” or “crack.” At this point, the police officers placed the defendant under arrest and he was thereafter charged with possession of cocaine.
C.Cr.P. art. 215.1 provides as follows:
“Art. 215.1. Temporary questioning of persons in public places; frisk and search for weapons.
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, *933 address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.”
The totality of the circumstances known to the arresting officers must be considered in determining whether or not reasonable cause exists to make an investigatory stop. State v. Andrishok, 434 So.2d 389 (La. 1983). Flight, nervousness, or a startled look at the sight of a police officer is not sufficient to justify an investigatory stop. However, these factors may be considered in determining whether or not reasonable cause exists. State v. Belton, 441 So.2d 1195 (La.1983), U.S. cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
In the instant case, we must first decide the point at which the investigatory stop took place. Once we have done so, we must then determine whether or not, at that point, the police officers had reasonable cause to detain the defendant. Preter-mitting the question of whether or not an investigatory stop took place when the police officers approached the defendant and asked for some identification, we conclude that, in any event, an investigatory stop did take place when the police officers instructed the defendant to stop, immediately after he began walking away. Clearly, at this point, the defendant was not free to leave and an intrusion of his personal liberty or privacy had taken place. State v. Belton, supra.
What facts were known to the arresting officers when the “stop” of the defendant took place? The evidence of record indicates they were aware of the following: the area in question was known as a drug trafficking area; the subjects acted nervously when they observed the police officers; the defendant began walking away at a fast pace when asked for identification, while dangling his hands in his pocket; Officer Amiott observed that the defendant had something in one of his pockets. We conclude that these factors did not give the arresting officers reasonable cause to believe that the defendant had committed or was about to commit a crime. In State v. Edwards, 530 So.2d 97 (La.App. 4 Cir.1988), writ denied, 533 So.2d 19 (La.1988), police officers were in patrol in an unmarked unit in a drug trafficking area of New Orleans at approximately 10:00 P.M., when they observed the defendant standing on a street corner showing a companion an object which the defendant held in his right hand. As the officers approached, the defendant noticed the officers, began acting suspiciously, and then ran off. The officers exited their vehicle and pursued the defendant. During the ensuing chase, the officers observed the defendant remove a .38 revolver from his waistband and shove it underneath a door inside a store. The officers then apprehended the defendant and retrieved the weapon, placing the defendant under arrest for illegally carrying a weapon. Defendant’s motion to suppress was granted by the trial court, and the court of appeal affirmed the trial court’s decision, stating the following:
“Applying these principles to the admittedly close facts in the instant case, we conclude that the police officers did not have reasonable cause to make an investigatory stop of the defendant based on a suspicion that he had engaged in a narcotics transaction. Although the defendant’s running from the scene upon seeing the officers is a factor to be considered, this flight was is still insufficient to justify an investigatory stop where the officers did not know what was in defendant’s hand, saw no exchange of money, and had not recognized either defendant or his companion as a known drug dealer. Under these circumstances, we conclude that the trial judge properly suppressed the evidence of the pistol seized after the officers chased defendant.”
*934 The court went on to state that a stop of the defendant was imminent when he was pursued by the police officers and, because the stop was without reasonable cause, property (.38 revolver) abandoned after that point was not admissible into evidence.
We find the facts of State v. Edwards to be quite similar to the instant case. Officers Johnson and Amiott did not recognize the defendant to be a known drug dealer or criminal. The defendant’s act of walking away while dangling his hands in his pockets and carrying an unidentified object in one pocket did not establish reasonable cause even when one considers the fact that it was a known drug trafficking area. Thus, in accordance with the well established jurisprudence, all property abandoned by the defendant subsequent to that time[1] is inadmissible into evidence in that it was obtained pursuant to an illegal stop. See State v. Belton, supra.
In view of the above and foregoing, the writ application of the defendant is made peremptory, the judgment of the trial court is reversed, and the defendant’s motion to suppress is hereby granted.
This case is remanded to the Fourteenth Judicial District Court for further proceedings consistent herewith.
REVERSED AND REMANDED.
DOMENGEAUX, J., dissents and assigns reasons.

. The record clearly established that the defendant discarded the objects in question after he was instructed to stop by the police officers.