580 So.2d 702 (1991)
STATE of Louisiana
v.
John LIGHTFOOT.
No. 91-K-0095.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
*703 Harry F. Connick, Dist. Atty., Sandra C. Jenkins, Asst. Dist. Atty., New Orleans, for realtor.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
Defendant, John Lightfoot, was charged with possession of cocaine, a violation of LSA-R.S. 40:967 C. He was arraigned and pled not guilty. Defendant filed a motion to suppress a piece of rock cocaine he had discarded during a frisk of his person following an investigatory stop. The trial judge granted defendant's motion, finding the arresting officers did not have reasonable cause to conduct an investigatory stop of the defendant. The state filed an application for supervisory writs seeking review of that ruling. We requested the defendant to file a response to the state's writ application but he failed to do so.
At 12:30 a.m. on September 25, 1990, police officers in two marked vehicles were patrolling in the 2100 block of Pauger Street. As the officers entered the block, *704 they noticed five men standing on the sidewalk in front of the house at 2101 Pauger Street. Officers Dennis DeJean and Kenneth Watske, the arresting officers, had personal knowledge of the heavy drug trafficking in and around 2101 Pauger Street. The officers had made several drug arrests, conducted investigatory stops and served numerous search warrants at the address. As the officers drove closer to the group the members looked up, startled, and then divided into two groups, three suspects walking in the lakebound direction and the other two in the riverbound direction.
Officers DeJean and Watske followed the group of three headed in the lakebound direction which included the defendant, Sam Nelson and Steven Alexander. The officers drove slowly behind the three suspects and noticed a wad of plastic wrap with what appeared to be cocaine dangling from Nelson's hand. The officers got out of their car and ordered the men to stop. The defendant and Alexander complied, but Nelson continued walking. While Officer Watske ordered the defendant and Alexander to put their hands on the police car, Officer DeJean followed Nelson, repeatedly ordering him to stop. Nelson continued walking with his hands in front of him concealed from the officers' view. He then turned around and began walking slowly back to the police car. The officers observed Nelson stick the plastic wrapper in his mouth. When Nelson finally approached the car, Officer DeJean ordered him to place his hands on the car. Instead, he dropped a small plastic packet which contained a white substance. When he continued to refuse to put his hands on the car a fight ensued during which Nelson gagged and coughed up the plastic bag which he had stuffed into his mouth. The bag contained remnants of crack cocaine. Nelson was handcuffed and the evidence was retrieved. Nelson was placed under arrest.
After the officers subdued Nelson, they conducted a pat down search of the defendant and Alexander. During this frisk, the officers saw the defendant sweep a piece of rock cocaine, which he had concealed with his hand, off the top of the police car. The rock was seized, and the defendant was placed under arrest. When the search of Alexander revealed no contraband, he was released.
It is well settled that property cannot be seized legally if it was abandoned pursuant to an infringement of the person's property rights. However, if property is abandoned without any prior unlawful intrusion into a citizen's right to be free from government interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights. It is only when the citizen is actually stopped without reasonable cause or when a stop is imminent that the "right to be left alone" is violated, thereby rendering unlawful any resultant seizure of abandoned property. State v. Belton, 441 So.2d 1195, 1199 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
The Louisiana Code of Criminal Procedure Art. 215.1 provides that a law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense. Reasonable suspicion required for an investigatory stop is something less than probable cause required for an arrest. The reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). Mere suspicion of criminal activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982).
In Belton the Louisiana Supreme Court stated:
"The totality of the circumstances, `the whole picture,' must be considered in determining whether reasonable cause exists. (citations omitted) Although flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory *705 stop, ... this type of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause." Id. at 1198. (Citations omitted)
In the instant case, defendant and several other suspects were standing in front of a house known to the officers to be a place for routine drug related activity. The arresting officers had made several arrests at that location previously and had also executed numerous search warrants at that address. When the suspects saw the police cars enter the block, they were startled and split up and fled to avoid any encounter with the police. Defendant fled in the same direction with Nelson and Alexander. When the officers saw the plastic wrap with what appeared to be cocaine dangling from Nelson's hand, they then ordered the three men to stop. Considering the totality of these circumstances, we find the police officers had reason to suspect the defendant had committed, was committing or was about to commit a crime. The officers were reasonably entitled at that time to conduct an investigatory stop and detain the defendant and the other two suspects for questioning.
Article 215.1 B of the Louisiana Code of Criminal Procedure further provides that when a law enforcement officer has stopped a person for questioning and reasonably suspects that he is in danger, he may frisk the outer clothing of the person for a dangerous weapon. If the officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
In order to justify a brief frisk for weapons during the course of an investigatory stop, a police officer need not be absolutely certain that the individual is armed. The issue is whether or not a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. In determining whether or not the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or "hunch," but to specific reasonable inferences which he is entitled to draw from the facts in light of his experience. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
At the time of the initial stop, defendant Lightfoot and suspect Alexander complied with the officers' orders and put their hands on the police vehicle. However, in the course of the stop, one officer, Officer Watske, was alone in guarding the two men. At the same time, Officer DeJean was attempting to stop Nelson. Nelson continued to rapidly move away concealing his hands from Officer DeJean. He suddenly turned around and began to walk toward Officer DeJean, putting the plastic wrap in his mouth. When the officer repeatedly ordered Nelson to put his hands on the car, Nelson refused. At that point, Officer DeJean grabbed Nelson's left arm. Nelson resisted and a fight between him and the officer ensued. Nelson had to be physically subdued. In light of these facts and the surrounding circumstances, the late night, the dangerous area known to the officers for heavy drug trafficking, the fact that there were three suspects and only two police officers, the altercation with one of the suspects and the officers' knowledge at that moment that drugs were involved, we find that Officer Watske could have reasonably suspected that his safety and that of Officer DeJean could have been in danger and therefore, he was justified in conducting a pat down of defendant and Alexander for weapons. We further find that defendant discarded the rock cocaine during a lawfully conducted investigatory stop and protective frisk. The evidence seized as a result of the stop and frisk is not suppressible on the ground that the stop and pat down were illegal. We therefore, conclude the trial judge erred in granting defendant's motion to suppress the evidence.
Accordingly, the judgment of the trial court is reversed. Defendant's motion to suppress is denied. This case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.