609 So.2d 1003 (1992)
STATE of Louisiana
v.
Aaron BOURGEOIS.
No. 92-KA-526.
Court of Appeal of Louisiana, Fifth Circuit.
November 24, 1992.
Victor E. Bradley, Jr., Norco, for defendant-appellant.
Before GRISBAUM, WICKER and CANNELLA, JJ.
WICKER, Judge.
Aaron Bourgeois appeals his conviction by guilty plea of La.R.S. 40:967, possession of cocaine, and sentence to five years' imprisonment. The evidence against him, two crack pipes, was seized during an investigatory stop under La.C.Cr.P. art. 215.1. Mr. Bourgeois moved to suppress the evidence; and, when the motion was denied, pled guilty and reserved his right to appeal the denial of his motion. We reverse his conviction, vacate his sentence, and remand for further proceedings.
Mr. Bourgeois claims the court erred in failing to suppress the evidence against him, which he alleges was obtained by an unconstitutional search and seizure. The district attorney has not responded, either in brief or by appearance, to this claim.
La.C.Cr.P. art. 215.1 permits a police officer stop and question someone "whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions." Further, if the officer "reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon."
Lt. Mark Candies of the St. Charles Sheriff's Office testified at the suppression hearing. He and his unit, the Street Crimes Task Force, were patrolling the area of an apartment complex. The manager of the complex had asked for such patrols; and the neighborhood was also known as a high-crime area, having generated two hundred twenty calls in a thirty-three-month period. He admitted that not all of them concerned criminal activity. The manager had imposed a 9:00 P.M. curfew on the complex and asked the police to remove people who were not tenants or who could not state a reason for being there.
On such a routine patrol, Lt. Candies saw Mr. Bourgeois and four men standing together in the parking lot of the apartment complex. When they saw the police, two of the men turned away from the police, removed their hands from their pockets, put their hands back into their pockets, and then turned back to face the police. Lt. Candies testified that he had some experience that this particular behavior indicates that someone is trying to discard something. He admitted that it could indicate other things. He did not suspect criminal activity. "We did not have a call that, hey, somebody is breaking in a car or anything like that. We were patrolling the area." He also conceded that he saw nothing thrown or dropped and no money changed hands.
*1004 He ordered the five men to spread themselves on the cars to be searched. Two of the men were found with or right beside white powder which field-tested positive for cocaine. Mr. Bourgeois' pocket yielded two pipes, generally used for crack cocaine, which had a white residue which was insufficient for field testing.
While we believe that Lt. Candies may have had reasonable cause to stop and question Mr. Bourgeois, we do not believe that reasonable cause to search him has been proven. He did not testify that he "reasonably suspect[ed] he [was] in danger", which is the statutory justification for a frisk.
In order to justify a brief frisk for weapons during the course of an investigatory stop, a police officer need not be absolutely certain that the individual is armed. The issue is whether or not a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. In determining whether or not the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or "hunch," but to specific reasonable inferences which he is entitled to draw from the facts in light of his experience. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
State v. Lightfoot, 580 So.2d 702, 705 (La. App. 4th Cir.1991). The suspect's behavior in that case, which the court held warranted a stop and frisk, was much more suspicious than that of Mr. Bourgeois. Lightfoot was with several others in front of a house where several drug arrests had been made. When Lightfoot and one of his companions saw the police, they walked quickly away. The companion had what appeared to be a plastic wrap containing cocaine dangling from his hand. He refused to stop when requested by the police and put the plastic wrap in his mouth. He dropped another small plastic packet containing white powder. The companion continued to refuse to put his hands on the police car, which resulted in a fight with the police during which he coughed up the plastic bag containing crack cocaine. Then the police turned to Lightfoot in order to do a pat down search, and during this frisk Lightfoot threw down a rock of cocaine. The Fourth Circuit concluded,
In light of these facts and the surrounding circumstances, the late night, the dangerous area known to the officers for heavy drug trafficking, the fact that there were three suspects and only two police officers, the altercation with one of the suspects and the officers' knowledge at that moment that drugs were involved, we find that Officer Watske could have reasonably suspected that his safety and that of Officer DeJean could have been in danger and therefore, he was justified in conducting a pat down of defendant....
Lightfoot at 705. We believe the circumstances in Lightfoot strong enough to justify a stop and frisk.
The Third Circuit has ruled in State v. Roberson, 549 So.2d 931, 933 (La.App. 1989), on circumstances closer to those in the instant case.
[t]he area in question was known as a drug trafficking area; the subjects acted nervously when they observed the police officers; the defendant began walking away at a fast pace when asked for identification, while dangling his hands in his pocket; Officer Amiott observed that the defendant had something in one of his pockets. We conclude that these factors did not give the arresting officers reasonable cause to believe that the defendant had committed or was about to commit a crime....
Many of the cases cited by both parties are inapposite because of factual differences. In State v. Garrison, 580 So.2d 456 (La.App. 5th Cir.1991), for instance, the defendant abandoned the contraband prior to having been stopped and questioned. State v. Carver, 531 So.2d 551 (La.App. 5th Cir.1988), involved a police officer with a *1005 reasonable concern for his safety because the defendant was rummaging around under his car seat when the officer approached.
We conclude that the court erred in denying Mr. Bourgeois' motion to suppress the evidence. We therefore reverse his conviction, vacate his sentence, and remand the case for further proceedings.
REVERSED, VACATED AND REMANDED.