JONES, Judge.
The defendant, Fredrick Lyles[1] and co-defendant, Andre Brooks were charged by bill of information with possession of crack cocaine, a violation of La.R.S. 40:967(C)(2).
Defendant was arraigned on March 1, 1990. An attorney was appointed to represent the defendant for arraignment purposes only. Defendant entered a plea of not guilty. On November 13, 1990, the defendant was tried by a six (6) member jury and was found guilty of attempted possession of cocaine. He was sentenced to serve two and a half (2V2) years at hard labor, with credit for time served. On November 26, 1990, defendant was found to be a second offender and was resentenced to five years at hard labor. Defendant’s counsel filed an errors patent brief and moved to withdraw. The defendant filed a pro se brief, raising three assignments of error.
FACTS:
On January 11, 1990, at approximately 2:35 p.m., New Orleans Police Officers John Deshotel and Steven Andry were on patrol in the 3000 block of Sandra Street in New Orleans. The officers were responding to a tip regarding drug trafficking activity in this area. The officers were not in uniform and were driving an unmarked vehicle, as they conducted their surveillance. The co-defendant, Andre Brooks, was the subject of the surveillance. The officers observed Brooks engage in what appeared to be drug transactions for approximately half an hour. Brooks then relocated to the Sunlight Seafood Market.
As the officers approached Brooks, they observed him handing a foil packet to the defendant. As the officers exited their vehicle to question Brooks, the defendant quickly entered the Sunlight Seafood Market. Officer Andry detained Brooks, while Officer Deshotel chased the defendant into the store. Officer Deshotel apprehended the defendant as he was leaning over the counter. The defendant was frisked and was then escorted outside, to be detained by Officer Andry. Officer Deshotel reentered the store and found two foil packets and one clear plastic bag lying on the floor along the edge of the counter.
At trial, both officers testified as to the surveillance and subsequent arrest of defendant. NOPD Criminalist Harry O’Neal testified that the two foil packets and the clear plastic bag contained substances which tested positive for cocaine.
At trial, the defendant testified that on the day in question he had come to the Sunlight Seafood Market for a sandwich, and that his brother was waiting in the car. He denied having taken anything from Andre Brooks or giving him any money. He testified that he and Brooks were not even within reaching distance. The defendant admitted that he was on probation for possession of cocaine at the time of his arrest.
DISCUSSION
PATENT ERROR REVIEW
A review of the record for errors patent reveals that there are none.
ASSIGNMENT ONE
In his first assignment of error, the appellant maintains that the trial court erred by denying his motion to suppress the cocaine. He argues that the police did not have reasonable cause to conduct an investigatory stop and that the property abandoned as a result of the stop was not lawfully seized.
Property cannot be seized legally if it was abandoned pursuant to an infringement of the person’s property rights. If, however, property is abandoned without any prior unlawful intrusion into a citizen’s right to be free from government interfer *24 ence, then such property may be lawfully seized.
La.C.Cr.P. art. 215.1 provides the parameters for an investigatory stop. It provides:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense and may demand of him his name, address and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon....
Reasonable suspicion required for an investigatory stop is something less than probable cause required for an arrest. State v. Rodriguez, 396 So.2d 1312 (La.1981). The reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Square, 433 So.2d 104 (La.1983); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). Mere suspicion of criminal activity is not a sufficient basis for police interference with an individual’s freedom. State v. Williams, 421 So.2d 874 (La.1982); State v. Lightfoot, 580 So.2d 702 (La.App. 4th Cir.1991).
In assessing the reasonableness of such a stop, the court must balance the need to search and seize against the invasion of privacy the search and seizure entails. State v. Flowers, 441 So.2d 707 (La.1983). The totality of the circumstances must be considered in determining whether reasonable cause exists. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).
In the instant case, the police had received a tip regarding drug activity at the location where the defendant was apprehended. The reputation of an area is an articulable fact upon which an officer may legitimately rely in making an investigatory stop. U.S. v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); State v. Buckley, 426 So.2d 103 (La.1983). The officers testified that they had watched Brooks engage in what they believed to be drug transactions. They further testified that they observed Brooks hand a foil packet to the defendant. When the officers approached the suspects, the defendant fled into the store. Based on these factors, Officer Deshotel chased the defendant into the store. He frisked the defendant and briefly searched the store. After the preliminary search, Officer Des-hotel reentered the store to conduct a second search. During this subsequent search, the foil packets were retrieved from the store.
Considering the totality of these circumstances, we find that the police had reason to suspect the defendant had committed, was committing or was about to commit a crime. Under La.C.Cr.P. art. 215.1, the officers were reasonably entitled to conduct an investigatory stop and to detain the defendant for questioning.
Moreover, we find that the decision of the United States Supreme Court in California v. Hodari D., — U.S. -, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), is applicable to the instant case. In Hodari D., officers patrolling in a high crime neighborhood spotted a group of young men huddled around a car. Upon seeing the police, the defendant fled on foot. One officer chased the accused and saw him toss a small rock, which the officer believed was crack cocaine. The officer then tackled Hodari D. and restrained him.
In Hodari D., unlike the present case, the State conceded that the officers lacked reasonable cause to pursue the defendant. The only issue remaining was whether or not the defendant had been “seized” within the meaning of the Fourth Amendment. If so, the contraband discarded as a result was fruit of an illegal search and must be excluded. If not, the contraband was abandoned and could be lawfully recovered by the police.
The Supreme Court held that a “seizure” within the meaning of the Fourth Amend *25 ment did not occur until the officer tackled the suspect. The Court held that no seizure occurs for Fourth Amendment purposes until the suspect is either physically seized or submits to the officer’s “show of authority.” Therefore, property abandoned by a defendant who is fleeing the police is subject to lawful seizure for Fourth Amendment purposes because it was abandoned prior to the stop or seizure of the person.
Applying the Hodari D. standard to the facts of the instant case, we find there was no seizure of the defendant’s person and the packets of cocaine were lawfully seized. The defendant’s allegation that the trial court erred in denying his Motion to Suppress the evidence is without merit.
ASSIGNMENT TWO
In his second assignment of error, the defendant argues that the evidence was insufficient to sustain a conviction of attempted possession. When a defendant contends that the evidence is insufficient to sustain a conviction, the proper standard of review is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). When a conviction is based upon circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438; State v. Camp, 446 So.2d 1207 (La.1984). If a rational trier of fact reasonably rejects the defendant’s hypothesis of innocence, that hypothesis fails; and unless another one creates reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La.1984).
To prove attempted possession of cocaine, the State must show that the defendant committed an act tending directly toward the accomplishment of his intent, possession of the drug. To support a conviction for possession of a controlled dangerous substance in violation of La.R.S. 40:967, the State must prove that the defendant knowingly and intentionally possessed the controlled substance. The state need not prove that the defendant was in actual physical possession of the drug found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983).
The determination of whether there is possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra, citing State v. Cann, 319 So.2d 396 (La.1975). Several factors to be considered in determining whether a defendant exercised “dominion and control” over the narcotics to constitute constructive possession are as follows: “... a defendant’s knowledge that illegal drugs are in the area; the defendant’s relationship with the person found to be in actual possession; the defendant’s access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant’s physical proximity to the drugs; and any evidence that the particular area was frequented by drug users.” State v. Tasker, 448 So.2d 1311, 1314 (La.App. 1st Cir.1984), writ den., 450 So.2d 644 (La.1984).
In the instant case, the officers were on patrol, responding to a tip regarding drug activity in the area. The officers testified that the appellant met with Brooks, a targeted subject. They had observed Brooks engage in transactions involving foil packets. The officers believed these to be drug transactions. They further testified that they observed Brooks hand a foil packet to the defendant. When the officers approached the suspects, the defendant fled into the store. The defendant was observed leaning over the cashier’s counter in the store. An inspection of the area behind the counter revealed the packets in plain view.
Officer Deshotel testified that another man was seen leaving the Sunlight Market while the defendant was being detained outside the store, before the officer reentered the store to retrieve the contraband. Officer Deshotel further testified that there were other patrons in the store at the time of the seizure.
In the instant case, the jury rejected the defendant’s hypothesis of innocence, and *26 found him guilty of attempted possession of cocaine. The defendant’s allegation that the evidence was insufficient to sustain a conviction is without merit.
ASSIGNMENT THREE
In his third assignment of error, defendant alleges that his five year sentence is excessive. The maximum sentence for possession of cocaine as a first offender is five years. The maximum sentence for attempted possession is two and a half years. After finding the defendant guilty on the multiple bill, the court resentenced him to the statutory maximum of five years as a second offender.
In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in La.C.Cr.P. art. 894.1 before imposing a maximum sentence. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984).
The transcript of the multiple bill hearing and sentencing reveals that the trial judge complied with the requirements of La.C.Cr.P. art. 894.1, and tailored the sentence to the defendant. In compliance with La.C.Cr.P. art. 894.1, the trial court imposed its sentence based on subsection (A)(3), which reads: “A lesser sentence will depreciate the seriousness of the defendant’s crime.” Particularly, the court noted that it was the defendant’s second drug conviction. In addition, the defendant was on probation when he was arrested for the instant offense. The five year sentence is within the legislatively established parameters for a double offender convicted of attempted possession of cocaine. Defendant’s allegation that the trial court imposed an excessive sentence is without merit.
For the reasons assigned above, defendant’s conviction and sentence is affirmed.
AFFIRMED.

. Defendant’s first name is spelled Frederick on some documents and Fredrick on others.