632 So.2d 819 (1994)
STATE of Louisiana
v.
Delmus G. FINNE.
No. 92-KA-2555.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1994.
*820 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Susan M. Erlanger, Asst. Dist. Atty., New Orleans, for appellee.
Before CIACCIO, ARMSTRONG and JONES, JJ.
CIACCIO, Judge.
Defendant, Delmus Finne, was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967, and defendant pled not guilty. The trial court denied defendant's motion to suppress evidence and defendant entered a plea of guilty as charged under the provisions of State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to serve two years in the Department of Corrections.
Defendant asserts one assignment of error on appeal: The trial court erred in denying the motion to suppress the evidence. For the reasons stated, we affirm defendant's conviction and sentence.

Facts
On February 6, 1992, Officer Michael Glassier, along with members of the Jefferson Parish Narcotics Section, was conducting a surveillance of 7211 Bunker Hill Drive in New Orleans East. According to Officer Glassier, Jefferson Parish agents had received information describing that location as a wholesale and retail outlet for cocaine.
Officer Glassier observed an individual enter this residence and leave a short time after. This individual was known to the officers as a convicted cocaine trafficker who, although when searched had no cocaine on his person, was arrested for an outstanding warrant. Soon after the first individual left, the defendant and another individual arrived at the residence. Officer Glassier testified that he was not sure whether the defendant or his companion entered the residence as the Jefferson Parish agents were "maintaining that portion of the surveillance". Officer Glassier testified "[U]pon leaving the residence they [the defendant and his companion] were ultimately stopped by Jefferson Parish agents. At which time, Mr. Finne threw down a small plastic bag containing about a half gram of cocaine." The contents of the bag were later tested and found to be cocaine.

Discussion
Defendant contends that the police officers did not have reasonable cause to make an investigatory stop, and therefore the discarded *821 evidence was unlawfully seized. We disagree.
Based on the provisions of La.C.Cr.P. art. 215.1, "a law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense and may demand of him his name, address, and an explanation of his actions." "Reasonable suspicion" is something less than probable cause, and must be determined under the facts of each case considering whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Williams, 621 So.2d 199, 200 (La.App. 4th Cir.1993); State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
In the present case, Jefferson Parish authorities received information that drugs were being sold from the address on Bunker Hill Drive. New Orleans police officers, along with Jefferson Parish agents, set up a surveillance of this residence. During the surveillance, the officers observed several individuals enter and exit the residence, one of which was a person known to the police as a narcotics trafficker. This individual was spotted by police and arrested on an outstanding warrant. The officers then observed defendant and a companion enter and exit the residence. The officers approached the pair, at which time defendant threw down the bag of cocaine.
Based on the totality of circumstances, we find that the officers were justified in stopping defendant as they may reasonably have suspected that defendant had engaged in drug trafficking. Defendant was seen entering and leaving a residence which had been reported to police as a drug outlet, and police officers had independently observed several individuals coming and going from the residence, including one known narcotics trafficker. We find that under these circumstances the officers had reasonable suspicion of criminal activity to justify the investigatory stop.
Therefore, the cocaine, which was abandoned pursuant to a lawful investigatory stop, was legally subject to seizure. State v. Jones, 553 So.2d 928 (La.App. 4th Cir.1989). Defendant's voluntary abandonment of cocaine was not precipitated by any unlawful conduct by the police, and therefore was legally seized. State v. Richardson, 575 So.2d 421, 424 (La.App. 4th Cir.1991), writ denied, 578 So.2d 131 (La.1991).
Accordingly, we find no error in the trial court's ruling denying defendant's motion to suppress this evidence. Defendant's conviction and sentence are affirmed.
AFFIRMED.
JONES, J., dissents with reasons.
JONES, Judge, dissenting with reasons.
Property cannot be seized legally if it was abandoned pursuant to an infringement of the person's property rights. State v. Lyles, 617 So.2d 21, 23 (La.App. 4th Cir.1993).
Admittedly "Reasonable suspicion" for purposes of La.C.Cr.P. art. 215.1 is something less than probable cause and must be determined under the facts of each case. However, each case must be examined to determine whether the police officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Williams, 621 So.2d 199, 200 (La.App. 4th Cir.1993). Mere suspicious activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874, 876 (La.1982); State v. Lightfoot, 580 So.2d 702, 704 (La. App. 4th Cir.1991).
The police officers in the present case did not have sufficient knowledge of facts and circumstances to justify a stop of the appellant. Officer Glassier testified to the following facts: 1) an unknown informant provided information that 7211 Bunker Hill was a wholesale and resale outlet for cocaine; 2) a known cocaine trafficker entered this residence and, after leaving, was searched by police, and the search of that individual did not produce any cocaine; 3) the appellant and a companion arrived at this location, and one of the two men entered the residence *822 and left a short time later; and, 4) the appellant and his companion were stopped a short time later "at which time the appellant threw down a small plastic bag containing cocaine." There was no other evidence introduced at the hearing which would support a reasonable belief that the appellant was committing an offense.
The evidence presented by the state in the present case is woefully inadequate to show a "reasonable suspicion of criminal activity". In State v. Williams, 572 So.2d 756 (La.App. 4th Cir.1990), writ denied, 576 So.2d 30 (La. 1991), police officers saw the defendant seated in a van near abandoned buildings where numerous narcotics arrests had occurred. A man approached the van with his right hand clasped, but walked away quickly after seeing the officers. The man entered the van, appeared to hand something to the appellant, then drove off. Police officers stopped the van and approached with guns drawn. A search of the van revealed five bags of cocaine. The trial court denied the motion to suppress the cocaine; however, this court found that the facts did not establish reasonable suspicion of criminal activity to justify the stop of the van.
Likewise, in the present case, the officers did not possess reasonable suspicion of criminal activity to support the stop of the appellant. The basis of the informant's information is unknown and the police surveillance did not corroborate the information. The only person stopped and searched after entering the suspected drug trafficking location did not possess contraband.
The burden of proving the admissibility of any evidence seized without a warrant rests with the state. La.C.Cr.P. art. 703; State v. Diaz-Rubio, 615 So.2d 1124, 1127 (La.App. 5th Cir.1993). The cocaine seized in the present case was seized without a warrant; accordingly, the state bore the burden of proving that this evidence was constitutionally seized and, therefore, admissible. The state introduced very little evidence surrounding the seizure of the cocaine. The state argues in brief that the evidence was abandoned by the appellant before he was stopped, seized, or arrested by police; and, therefore, the appellant's constitutional rights could not have been violated. However, the state failed to introduce sufficient evidence to prove that the appellant abandoned the property prior to the officers' stopping him. The only testimony on this crucial time period is Officer Glassier's two sentence testimony, "Upon leaving the residence they [the appellant and his companion] were ultimately stopped by Jefferson Parish agents. At which time, Mr. Finnie threw down a small plastic bag containing about a half gram of cocaine." It is unclear from this testimony whether the appellant threw down the cocaine because of the officer's show of authority and imminent stop of the appellant, in which case the evidence was improperly seized, or whether the cocaine was abandoned prior to the actual stop of the appellant, in which case, the evidence was properly seized. Because the state bears the burden and is under an obligation to introduce evidence sufficient to show that the contraband was legally seized, the trial court erred in denying the motion to suppress evidence in this case.
Since the state did not establish that the police officers were justified in conducting an investigatory stop of the appellant, the cocaine seized as a result of the stop should have been suppressed. For this reason, I would reverse the appellant's conviction and sentence and remand the case for further proceedings.
Accordingly, I dissent.