814 So.2d 592 (2002)
STATE of Louisiana
v.
Robert A. FONTAINE.
No. 2001-KA-1291.
Court of Appeal of Louisiana, Fourth Circuit.
March 6, 2002.
Opinion on Grant of Rehearing March 27, 2002.
Harry F. Connick, District Attorney, Scott Peebles, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
*593 Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge MIRIAM G. WALTZER, Judge MICHAEL E. KIRBY, Judge, DAVID S. GORBATY).
Judge MICHAEL E. KIRBY.
Defendant Robert Fontaine was charged with possession of cocaine in violation of La. R.S. 40:967(C). Defendant pleaded not guilty at his February 16, 2001 arraignment. After a hearing on March 8, 2001, the trial court denied defendant's motion to suppress the evidence.
On March 22, 2001, the defendant withdrew his former plea of not guilty and entered a plea of guilty under State v. Crosby, 338 So.2d 584 (La.1976). The defendant was sentenced to thirty months with credit for time served. The State subsequently filed a multiple bill of information alleging the defendant to be a second felony offender, but later withdrew the bill. The trial court granted the defendant's motion for appeal.
Officer Chad Gagnon, of the New Orleans Police Department, testified at the hearing on the defendant's motion to suppress that the apartment complex the defendant was seen briefly entering and exiting at about 1:45 a.m. on January 19, 2001, had been under surveillance for several weeks for drug activity. Officer Gagnon further testified that after the defendant was seen leaving the apartment complex, the officers conducting the surveillance radioed Officer Gagnon and his partner with a description of the defendant.
As the defendant approached the officers, who were standing next to their police vehicle, they identified themselves as police officers, and informed the defendant he was under investigation. Officer Gagnon conducted a pat down of the defendant, and felt hard rock like substances in the defendant's right shirt pocket. The officer informed defendant that he was being arrested for possession of crack cocaine, and then read defendant his Miranda rights. Officer Gagnon retrieved the crack cocaine from the defendant's shirt pocket.
A review of the record revealed no errors patent.
The defendant complains the trial court erred in denying his motion to suppress. Specifically, he argues that the police officers did not have reasonable suspicion to stop him. Therefore, he contends the drugs were seized from him in violation of his rights, and should have been suppressed.
The trial court is vested with great discretion when ruling on a motion to suppress. State v. Oliver, 99-1585 p. 4 (La. App. 4 Cir. 9/22/99), 752 So.2d 911, 914.
La.C.Cr.P. art. 215.1 provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and demand of him his name, address, and an explanation of his actions.
This court in State v. Anderson, 96-0810, p. 2 (La.App. 4 Cir. 5/21/97), 696 So.2d 105, 106, noted:
A police officer has the right to stop a person and investigate conduct when he has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. Reasonable suspicion for an investigatory stop is something less than probable cause; and, it must be determined under the facts of each case whether the officer had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual's *594 right to be free from governmental interference.
The totality of the circumstances must be considered in determining whether reasonable suspicion exists. An investigative stop must be justified by some objective manifestation that the person stopped is or is about to be engaged in criminal activity or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. (Citations omitted)
In reviewing the totality of the circumstances, the officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Short, 96-1069 p. 4 (La.App. 4 Cir. 5/7/97), 694 So.2d 549, 552.
When a law enforcement officer has probable cause to believe that a person has committed a crime, he may place that person under arrest. Incident to such lawful arrest, the officer may lawfully conduct a full search of the arrestee and the area within his immediate control for weapons and for evidence of a crime. State v. Morgan, 445 So.2d 50, 51 (La.App. 4th Cir.1984).
In State v. Finne, 92-2555 p. 3 (La.App. 4 Cir. 2/11/94), 632 So.2d 819, 821, this Court stated: "Based on the totality of circumstances, we find that the officers were justified in stopping defendant as they may reasonably have suspected that defendant had engaged in drug trafficking. Defendant was seen entering and leaving a residence which had been reported to police as a drug outlet, and police officers had independently observed several individuals coming and going from the residence, including a known narcotics trafficker. We find that under these circumstances the officers had reasonable suspicion of criminal activity to justify the investigatory stop."
The defendant cites State v. Sneed, 95-2326 (La.App. 4 Cir. 9/11/96), 680 So.2d 1237, and argues that, like the officers in Sneed, the officers in the instant case stopped him simply because he briefly visited a residence that was under surveillance for drug activity, which did not rise to the level of reasonable suspicion. However, in the instant case, unlike Sneed, Officer Gagnon testified that there had been several citizen complaints of drug activity in the complex the defendant visited. More importantly, others had been arrested for possession of drugs after briefly visiting the same complex.
In the instant case, the defendant was seen entering an apartment complex at 1:45 a.m. that had been under surveillance for drug activity for weeks. The defendant's actions, of briefly entering and exiting the complex, fit the actions of others who had been found to have drugs or drug paraphernalia on them when stopped during the same surveillance period. Defendant in the instant case, like the defendant in Finne, was seen coming and going from a location the police knew to be a place of drug activity. Additionally, the defendant fit the description of the individual seen entering and exiting the drug establishment. Therefore, we find that the totality of the circumstances gave the officers in this case reasonable suspicion to stop the defendant. This assignment of error is without merit.
Because we find no error in the trial court's denial of the motion to suppress, the defendant's conviction and sentence are affirmed.
AFFIRMED.
GORBATY, J., dissents with reasons.
GORBATY, J., dissenting with reasons.
I do not find State v. Finne, 92-2555 (La.App. 4 Cir. 2/11/94), 632 So.2d 819, *595 applicable to the facts of this case. In Finne, the defendant was seen entering and leaving a residence, which police believed to be a drug outlet. In the instant case, the officers observed Mr. Fontaine entering and leaving an apartment complex. The officers did not testify that they observed him enter any one apartment, nor did they testify that drug activity was believed to be ongoing in every apartment in the complex. Thus, I do not believe reasonable suspicion existed for the stop. Accordingly, I would reverse the trial court, and grant the motion to suppress.

ON APPLICATION FOR REHEARING
MICHAEL E. KIRBY, Judge.
Defendant moved for rehearing claiming that we erred in concluding that State v. Finne, 92-2555 (La.App. 4 Cir. 2/11/94), 632 So.2d 819 applied to the facts of this case. Defendant contends that Finne is applicable only to residences and here the alleged transaction occurred at an apartment complex. We grant rehearing to address this issue only.
We believe defendant reads Finne too narrowly. The deciding factor is not the type of structure involved. Rather it is the totality of the circumstance s of the entire situation that controls the determination as to whether the officer had probable cause to arrest a suspect or reasonable grounds to believe he had committed, was committing or was about to commit an offense.
Detective Gagnon testified at the Motion to Suppress hearing that on the date in question he was participating in the surveillance of a known drug-trafficking operation at the apartment complex. There had been several citizen complaints to the hotline complaining of "prolific" drug trafficking in and out of the complex. In the preceding two months "we've pulled numerous people out of there and/or served warrants and stopped people coming in and out of that place consistently, day-in and day-out with crack cocaine and drug paraphernalia." On the date in question surveilling officers observed defendant enter the premises without knocking, which was the similar modus operandi of "all the other cases we have [from this complex]." He stayed only a short time and left. The amount of time he stayed was inconsistent with visiting someone or even walking to the back of the apartments. The surveilling officers then radioed the suspect's description to Detective Gagnon and his partner who stopped him for investigation. The officers had the defendant put his hands on their vehicle "due to the close connection between drugs and guns and weapons and contraband" and they patted him down. During the pat down they discovered several hard rock like substances wrapped in foil in his front right shirt pocket.
The defendant cites State v. Sneed, 95-2326 (La.App. 4 Cir. 9/11/96), 680 So.2d 1237, in which this court found that the officers in that case did not have reasonable suspicion to stop the defendant simply because he was seen briefly visiting a residence under surveillance for drug activity. However, in the instant case, unlike Sneed, the officers testified that there had been several citizen complaints of drug activity in the complex the defendant visited. More importantly, as of the time of defendant's arrest, numerous others had been arrested for narcotics offenses after briefly visiting the same complex.
In the instant case, the defendant was seen entering an apartment complex that had been under surveillance for drug activity for weeks. The defendant's actions, of briefly entering and exiting the complex, fit the pattern of others who had been found to have drugs or drug paraphernalia on them when stopped during the surveillance *596 period. Defendant in the instant case, like the defendant in Finne, Id, was seen coming and going from a location the police knew to be a place of drug activity. Additionally, the defendant fit the description of the person leaving the known drug area.
We find the totality of the circumstances gave the officers in this case reasonable suspicion to stop the defendant. The illegal drugs were found pursuant to a valid pat-down for weapons as allowed by C.Cr.P. art. 215.1. Therefore, we adhere to our opinion on original hearing.
AFFIRMED.