JACHARLES R. JONES, Judge.
This appeal concerns a seizure of evidence. The defendant in this case, Matthew Kelley, filed this appeal as a result of the district court’s decision denying his motion to suppress. For the following reasons we REVERSE.
STATEMENT OF FACTS
On June 7, 2004, Officer Randy Garrison received a complaint that there was a man slumped over the steering wheel of a car in the 3300 block of Upperline Street. When he and his partner arrived at the location they observed Kelley sitting in the driver’s seat leaning over the steering wheel. The officers tapped on the window, and Kelley opened the door of the vehicle. The officers inquired whether Kelley was in need of medical assistance. He declined the medical assistance and informed the officers that he was okay.
The officers asked Kelley for his driver’s license and vehicle registration. A computer check revealed that he had a suspended driver’s license, and the vehicle was not registered to him. At that point the officers advised him that he was under arrest for operating a vehicle with a suspended license. They asked Kelley to step |2out of the vehicle so that he could be handcuffed. However, the officers never asked Kelley if he had been driving the car, nor did they check the hood of the car to determine if the engine had been running.
When Kelley exited the vehicle the officers observed a clear plastic bag containing a white substance that they believed to be cocaine, as well as another bag containing pills that the officers believed to be hydrocodone on the driver’s seat of the car. Subsequently, it was determined that the white substance was actually methamphetamine.
PROCEDURAL HISTORY
Kelley was charged with one count of possession of cocaine that was later amended to possession of methamphetamine. Also, he was charged with one count of possession of hydrocodone. On September 21, 2004, following a hearing on motions to suppress evidence, and other motions, the trial court found that the evidence was legally seized, and found probable cause as to the possession of methamphetamine and probable cause as to the possession of hydrocodone. On October 27, 2004, Kelley entered a plea of guilty under State v. Crosby, 338 So.2d 584 (La.1976) reserving his right to review the trial court’s ruling on the admissibility of the evidence. Kelley was sentenced to three years concurrently in the custody of the Department of Correction, suspended, and placed him on three years probation. He subsequently filed this appeal.
ERRORS PATENT
A review of the record reveals that there are no errors patent.
*1020 |..¡DISCUSSION
By his lone assignment of error, Kelley contends that the trial court erred in its determination that the evidence in this case was legally seized. We find that the trial court did in fact err in its conclusion. The evidence seized in this case was done so illegally. Therefore, the motion to suppress should have been granted.
When officer Garrison approached the window of the car that Kelley was sitting in, he tapped on the window, he then asked Kelley if he was in need of medical attention, and Kelley opened the door and responded to the officer’s question. The record reflects that the officers believed there was a continued concern for Kelley’s safety after the initial conversation.
Officer Garrison did not testify that he or his partner had any reason to suspect that Kelley was armed, nor that he presented a danger to himself, the officers, or others. Accordingly, a search under these circumstances cannot be justified. See State v. Lightfoot, 580 So.2d 702, 705 (La.App. 4 Cir. 5/16/91), citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We find from the record that the officers had no other reason to ask Kelley to step out of the vehicle, except to arrest him for driving while his license was suspended. In order to arrest, the officers needed probable cause to ask him to step out of the vehicle. The trial court determined that there was probable cause, but we disagree.
The officers in this case did not have probable cause to arrest Kelley, which means that they did not have the right to ask him to step out of the vehicle. In order for there to be probable cause for an arrest of this nature, Kelley must have been found to be legally “operating” or have “operated” the vehicle.
La. R.S. 32:415 defines, in pertinent part, the crime of operating a motor vehicle while a license is suspended as follows:
“A. It shall be unlawful for any person to operate a motor vehicle upon any public highway of this state during the period of suspension, revocation or cancellation of any | license which may have been issued to him by the state or by any other state.”
Also, in State v. Brister, 514 So.2d 205, 207-208 (La.App. 3 Cir. 10/07/87), The Third Circuit reversed a conviction for driving while intoxicated. Brister was found sitting in the driver’s seat, slumped against the door in Natchitoches Parish. The lights of the vehicle were on, and the motor was not running. After seven or eight requests by police for the defendant to exit the vehicle, the defendant turned, apparently causing the vehicle to roll forward ten or fifteen feet. The Third Circuit reversed the defendant’s conviction stating:
“The mere presence of defendant in the car while it was in motion does not make him the operator of the vehicle. The defendant must have been exercising some control or manipulation over the vehicle, such as steering or braking. No evidence was introduced that the defendant released the brake, causing the car to roll forward, or that he was steering the car.” Id.
Applying the Brister standard of the term “operating,” to this case, we find that Kelley was not operating the vehicle. Kelley was merely sitting in a ear with the headlights and the motor turned off. Additionally, the car had two flat tires, which suggests that the ear had been parked there for some time. The fact that two of the four tires were flat on the car would also suggest that Kelley had not been operating the car, because it would have been impossible for the car to be driven *1021 from the place that it was parked. Lastly, the officers failed to ask Kelley if he had been operating the car, and they failed to check to see if the hood was warm which would have suggested that the motor had been running. For these reasons, we find that Kelley was not operating the vehicle.
The only reason the officers asked Kelley to step out of the vehicle was to arrest him for driving with a suspended license. The evidence that was seized in this case became visible to the officers only because Kelley stepped out of the vehicle. It has already been determined that Kelley must have been operating the |svehicle in order to be arrested for driving with a suspended license. Since he had not been operating the vehicle, the arrest was made without probable cause. Therefore, we find that the evidence that was seized as a result of the arrest is fruit of the poisonous tree and is suppressed.

Decree

The district court erred in its denying the motion to suppress evidence seized in this case. Therefore, the district court’s judgment is vacated and the case is remanded for further proceedings.
REVERSED.
CANNIZZARO, J., dissents with reasons.