483 So.2d 1207 (1986)
STATE of Louisiana
v.
Jesse JONES.
No. KA-4024.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
Writ Denied May 12, 1986.
*1208 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the Criminal District Court in accordance with a 6 member jury verdict finding defendant Jesse Jones guilty of possession of pentazocine in violation of R.S. 40:967 after full trial on March 27, 1985.
On appeal, defendant argues that the trial judge erred in denying defendant's motion to suppress at the suppression hearing on January 11, 1985.
On September 4, 1984 undercover and plainclothes Officers Wallace Goodey and Pedro Moreno, both of Narcotics, were assigned to patrol the area of Orleans and Claiborne in a standard unmarked vehicle. They were assigned to this area because it is a well known high crime area, particularly noted for narcotics traffic. Although it was 6:00 p.m., it was daylight and the weather was fair.
While riding on Claiborne toward Orleans, both officers observed the defendant and another man exchange cash for an object. The two men appeared to be extremely nervous during the exchange. The officers stopped their car abreast of the two men and got out of the car. The two suspects immediately split up and headed in opposite directions. Officer Goodey followed the defendant into Duke's Liquor Store. Meanwhile Officer Moreno followed the suspect, who eventually began running and lost Officer Moreno.
Inside Duke's Liquor Store, Officer Goodey approached the checkout counter, identified himself as a police officer and conducted a "pat down" search. Upon patting defendant's left rear pocket he felt an object which felt like a pill formation. He then reached into the left rear pocket and retrieved a combination of Pentazocine and Talwin tablets marked T-52 and Pyrobenzime marked 543. He then placed the defendant under arrest and informed him of his rights.
Police may not approach an individual under circumstances which indicate that some form of detention is imminent unless they have either probable cause for *1209 an arrest or reasonable suspicion for an investigatory stop. State v. Ruffin, 448 So.2d 1274 (La., 1984). To detain a person temporarily for purposes of investigation, an officer must have a reasonable suspicion that the person is committing, has committed, or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Sims, 426 So.2d 148 (La., 1983); See also C.Cr.P. art. 215.1 Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Square, 433 So.2d 104 (La., 1983); State v. Keller, 403 So.2d 693 (La., 1981). In this case, Officers Marino and Goodey saw two men exchange an object for money in an area they knew to be a frequent drug trafficking area. An officer's knowledge that a certain area is one of frequent criminal activity is a legitimate, recognized factor which may be used to judge the reasonableness of a detention. State v. Buckley and Robertson, 426 So.2d 103 (La., 1983). The officers testified that the defendant looked surprised at their approach, but surprise at being quickly confronted by two men who have just jumped from a curbside car does not alone seem so unusual as to indicate guilt or criminal proclivity. State v. Scott, 412 So.2d 988 (La., 1982).
In the instant case, the following factors are present:
1. It is a known high crime, high drug traffic area;
2. Cash was transferred;
3. An object was transferred;
4. The two men appeared extremely nervous prior to seeing the two plainclothes men;
5. Upon seeing the two plainclothesmen, their demeanor changed
6. The two suspects immediately began walking in opposite directions.

While any one of these factors, standing alone, might be insufficient, the number of factors present and the totality of the circumstances involved, provided the police officers with "reasonable suspicion for an investigatory stop."
There are no errors patent on the face of the record and the evidence and testimony presented at trial is sufficient to support the conviction. We find that the trial court did not err in denying the motion to suppress and did not err in any other aspect of the proceedings below.
For the reasons discussed, the conviction and sentence of the Criminal District Court is affirmed.
AFFIRMED.
CIACCIO, J., dissents.
CIACCIO, Judge, dissenting.
While I tend to agree that the officers had the requisite reasonable suspicion to conduct an investigatory stop, I think it is clear that our inquiry should not end with the stop. Reasonable suspicion for an investigatory stop does not amount to probable cause to search or to arrest.
La.C.Cr.P. Art. 215.1 provides the parameters under Louisiana law for an investigatory stop. When an officer lawfully conducts an investigatory stop he may demand of the suspect "his name, address, and an explanation of his actions." 215.1 A. If the officer "reasonably suspects that he is in danger, he may frisk the outer clothing of [the suspect] for a dangerous weapon," and if he "reasonably suspects the person possesses a dangerous weapon, he may search the person." 215.1B. "If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person." 215.1 C.
Paragraphs B and C are for the protection of the investigating officer. Paragraph A sets the limits of his investigation based upon reasonable suspicion. Reasonable suspicion for an investigatory stop is something less than probable cause. State *1210 v. Square, 433 So.2d 104 (La.1983), State v. Keller, 403 So.2d 693 (La.1981). Absent probable cause the scope of a pat down search during an investigatory stop is limited to an intrusion reasonably designed to discover a weapon. State v. Ruffin, 448 So.2d 1274 (La.1984).
The officers in this case did not articulate any reason why they thought the defendant might have possessed a weapon of any sort. Absent reasonable suspicion, articulated for the record, the court has no basis for justifying either a "pat-down" or a more extensive search for weapons conducted in connection with an investigatory stop. In this case, therefore, the record does not support even the initial "patdown" conducted by Officer Goodey when he first stopped defendant. This is not to say that the officer did not, or could not, have a reasonable suspicion, only that there is no mention of it in the record.
More important, the record does not support a finding of probable cause. Probable cause was necessary before Officer Goodey could have searched defendant for anything other than a weapon. Both officers indicated that they could not see what was exchanged between the two suspects. Although I tend toward concluding that the officers' suspicions that they were observing a narcotics transaction was reasonable (and therefore supplied the basis for a lawful investigatory stop), without more information their reasonable suspicions could not ripen into probable cause. Even if the "pat-down" could be justified, feeling a "pill formation" does not provide probable cause. To rise to the level of probable cause under these circumstances the future object of a seizure needs to be immediately recognizable as evidence or contraband. Two pills contained within a pant's pocket, detected only by an officer's touch, are not immediately recognizable as contraband. At best they can only be recognizable as two pills.
In short, I find that the officers exceeded the limits of action permissible pursuant to a lawful investigatory stop. The search of the defendant cannot be legitimated without a finding that the officers had probable cause to search prior to the search. The majority opinion does not make such a finding. I find that the record does not support a finding of probable cause to search.
Accordingly, I respectfully dissent.