572 So.2d 756 (1990)
STATE of Louisiana,
v.
Jack WILLIAMS.
No. 90-KA-0336.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
Writ Denied March 1, 1991.
*757 Harry F. Connick, Dist. Atty., Val Solino, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Archie B. Creech, New Orleans, for defendant/appellant.
Before SCHOTT, C.J., and BARRY and WARD, JJ.
SCHOTT, Chief Judge.
The defendant, Jack Williams, was convicted of possession of cocaine, La.R.S. 40:967, and sentenced to three years at hard labor. The sentence was suspended subject to three years active probation.
Officers Imbraguglio and Robertson were in plain clothes and driving a "police looking" blue 1988 Ford LTD in the Desire Housing Project. They saw a white van parked next to abandoned buildings where numerous narcotics arrests had been made.
The officers observed Cole walk toward the van with his right hand clasped. When Cole saw them he became nervous and began walking quickly. Cole entered the van, left the door open, and reached across to hand something to the defendant who was in the passenger seat. Cole shut the door and started the van.
The police officers pulled up and blocked the van. Officer Robertson went to the driver's side and Officer Imbraguglio approached the passenger side of the van. At the motion to suppress hearing Officer Imbraguglio testified that he could not remember if his gun was drawn when he approached the van. At trial Imbraguglio definitively stated that his gun was drawn. While Robertson detained Cole, Imbraguglio saw the defendant throw an object to the rear of the van. Imbraguglio identified himself as a policeman and asked the defendant to exit the vehicle.
Imbraguglio entered the van and found a cellophane wrapper which contained five plastic zip lock bags of white compressed powder. (cocaine) The suspects were arrested.
The defendant argues that the trial court erred by denying him motion to suppress the evidence. We agree.
"In determining whether the ruling on defendant's motion to suppress was correct, we are not limited to the evidence adduced at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case." State v. Chopin, 372 So.2d 1222, 1223 (La.1979). In reviewing the trial court's denial of the motion to suppress, we will consider Imbraguglio's testimony that he could not remember if his gun was drawn as well as his trial testimony that his gun was drawn.
The first question is whether the encounter between the officers and the defendant constitutes an investigatory stop which requires particular justification. Every encounter between police and the public is not an investigatory stop. As long as the individual is free to disregard the encounter and walk away, there is no intrusion on that person's liberty which would require a particularized objective justification. State v. Lanter, 391 So.2d 1152 (La. 1980).
After the officers blocked the van with their car, Office Imbraguglio approached the passenger side of the van with his gun drawn. This constituted an investigatory stop because the suspects were not free to disregard the encounter and walk away. Thus the inquiry shifts to whether the officers had reasonable cause to justify an investigatory stop.
Reasonable cause for an investigatory stop is something less than probable cause and must be determined on a case to case basis. The officer must have sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop must be based upon reasonable cause to believe that he has been, is or is *758 about to be engaged in criminal conduct. State v. Ossey, 446 So.2d 280 (La. 1984), cert. denied 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984).
Flight, nervousness, or a startled look at the sight of police is insufficient to justify an investigatory stop. The totality of the circumstances must be considered in determining whether there is reasonable cause. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
The officers justified the investigatory stop because Cole became nervous, walked with his right hand clapsed, and was parked in an area known for drug activity. Though Cole's conduct may have justified a limited encounter with the police, it did not constitute reasonable cause for an investigatory stop.
The defendant threw the cocaine to the rear of the van after the illegal investigatory stop. The motion to suppress the cocaine should have been granted.
Accordingly, the defendant's conviction and sentence are reversed.
REVERSED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting.
I am satisfied that the experienced narcotic officers had reasonable cause to believe the defendant was engaged in criminal activity.
Generally, people are protected against an unreasonable search and seizure. U.S. Const.Amend. IV; La. Const. Art. I, § 5. However, law enforcement officers have a right to stop and interrogate a person who is reasonably suspected of criminal conduct. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). A police officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and he may demand the suspect's name, address and an explanation of his actions. La.C.Cr.P. Art. 215.1.
Every encounter between police and the public is not an investigatory stop. As long as the individual is free to disregard the encounter and walk away, there is no intrusion on that person's liberty which would require a particularized objective justification. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Lanter, 391 So.2d 1152 (La.1980).
Reasonable cause for an investigatory stop is something less than probable cause and must be determined on a case to case basis. The officer must have sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Ossey, 446 So.2d 280 (La.1984), cert. denied 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984). The detaining officer must have knowledge of specific, articulable facts which, taken together with rational inferences from those facts, reasonably warrants an investigatory stop. State v. Flowers, 441 So.2d 707 (La. 1983), cert. denied 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. Gervais, 546 So.2d 215 (La.App. 4th Cir.1989).
Flight, nervousness, or a startled look at the sight of police is insufficient to justify an investigatory stop. State v. Chopin, 372 So.2d 1222 (La.1979). The totality of the circumstances must be considered in determining whether there is reasonable cause. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); State v. Andrishok, 434 So.2d 389 (La. 1983).
In reviewing the trial court's denial of a defendant's motion to suppress, the appellate court is not limited to the evidence adduced at the hearing, but may consider all pertinent evidence presented at the trial. State v. Beals, 410 So.2d 745 (La.1982); State v. Chopin, 372 So.2d 1222 (La.1979).
The men were parked in a van in a known drug area. The defendant waited while Cole returned from an abandoned building with his hand clasped holding an object. The officers saw Cole look in their *759 direction, become nervous and walk faster. Cole appeared to hand the defendant something as he entered the van. Under the totality of those circumstances the officers had reasonable suspicion and cause to justify the stop.
After the officers stopped the van, Officer Imbraguglio observed the defendant throw something to the rear. When the cellophane wrapper containing drugs was retrieved the officers' reasonable suspicion ripened into probable cause to arrest.
I submit that the motion to suppress was properly denied.