572 So.2d 710 (1990)
STATE of Louisiana
v.
Alan N. SMASON.
No. 90-K-0671.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
Writ Denied February 8, 1991.
*711 Harry F. Connick, Dist. Atty., Mary Jude Goebel, Asst. Dist. Atty., New Orleans, for plaintiff.
Leroy A. Hartley, New Orleans, for defendant.
Before GARRISON, BYRNES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
This matter first appeared in this court on application of supervisory writs of certiorari. The State of Louisiana sought writs on the issue of whether the trial court properly granted Defendant Alan Smason's motion to suppress evidence. We granted the state's writ reversing the ruling of the trial court. Subsequently defendant applied for a stay order and sought supervisory writs of certiorari to the Supreme Court. This matter has now been remanded to us for briefing and opinion. 566 So.2d 967.
On April 3, 1990, Detective Weicks received information from a confidential reliable informant about the defendant. This informant had supplied information in the past which led to convictions. The informant told the detective that Alan Smason was distributing cocaine from the Snug Harbor Restaurant where he was employed as a doorman. The informant stated that the defendant lived at 3810 Nashville Avenue and that he would leave on Friday evening, between 8:30 p.m. and 9:30 p.m., in his 1981 Oldsmobile Cutlass for the restaurant. The informant also said that the defendant would be in possession of cocaine and would be armed with a weapon. The informant also stated that the defendant was a white male, approximately 5'4" and approximately 140 lbs.
After receiving this information, Detective Weicks verified through the police computer that a 1981 Oldsmobile Cutlass was registered to the defendant who resided at 3810 Nashville Avenue. The defendant's license plate number was also verified through a check on the police computer.
On Friday night, January 5, 1990, Detective Weicks and Sergeant Michael Cimino established a surveillance of the defendant's residence at 3810 Nashville Avenue. At approximately 8:55 p.m., they observed a man matching the description of the defendant exit the front door of the residence and enter the Oldsmobile Cutlass. The officers followed him to the Snug Harbor Restaurant where he exited his vehicle and entered that establishment. The surveillance was terminated at this time.
The following Friday night, January 12th, several officers were again involved in a surveillance of the defendant's residence and of the Snug Harbor Restaurant. At approximately 9:30 that evening, Officer Watling notified Detective Weicks that the defendant exited the residence, entered the 1981 Oldsmobile Cutlass and was proceeding toward the Snug Harbor Restaurant. Approximately one-half block away from the Restaurant, Officers Debarboeros and Sonnier positioned their vehicle at the intersection of Chartres and Frenchmen Streets in such a way that it appeared as if the vehicle was disabled. The defendant approached, stopped his vehicle and stepped into the street. Several officers then approached him, identified themselves as police *712 officers and advised the defendant he was under investigation. Officer Watling conducted a frisk of defendant and felt a hard object in the small of the defendant's back, which he believed could be a weapon. Officer Watling retrieved a fully loaded.380 caliber pistol from the defendant. The defendant was informed that he was under arrest for carrying a concealed weapon. A search of the defendant incident to this arrest disclosed the cocaine which forms the basis of the present charge. Additional paraphernalia associated with cocaine dealers was found on the front seat of the defendant's vehicle. A subsequent search of the defendant's residence was made, although the officer did not testify as to the specifics of this search at the motion to suppress hearing.
The State argues that the trial court erred in concluding that the police officers did not have reasonable suspicion under La.C.Cr.P. art. 215.1 to stop and frisk the defendant. The authorization of a temporary stop by a police officer of a person in a public place is set forth in La.C.Cr.P. 215.1 which provides in part:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense, and may demand of him his name, address and an explanation of his actions.
See also State v. Jones, 483 So.2d 1207 (La.App. 4th Cir.1986). Reasonable cause for an investigatory stop is something less than the probable cause required for an arrest. It must be determined under the facts of each case. State v. Albert, 553 So.2d 967 (La.App. 4th Cir.1989). The detaining officer must have an articulable knowledge of particular facts to justify the infringement on the individual's right to be free from government interference. State v. Albert, supra; State v. Massey, 529 So.2d 139 (La.App. 4th Cir.1988).
In the present case, police officers received detailed information from a reliable, confidential informant regarding the defendant's alleged distribution of cocaine. In the past, the confidential informant had provided information which led to convictions. The officers were able to corroborate every piece of information provided by the informant. The officers corroborated the defendant's address, his height and weight, his car registration and his nocturnal activities on Friday nights travelling between his residence and the Snug Harbor Restaurant. Given the detailed information provided by a reliable informant, which was corroborated by the police officers, the officers could reasonably suspect that the defendant was carrying cocaine to the Snug Harbor Restaurant on January 12th when he was stopped. See: State v. Massey; State v. Rosales, 537 So.2d 850 (La.App. 5th Cir.1989); State v. Fayard, 537 So.2d 347 (La.App. 4th Cir.1988); State v. Hargrove, 535 So.2d 497 (La.App. 2nd Cir.1988.)
When an officer has stopped a person for questioning pursuant to La.C.Cr.P. Art. 215.1 and reasonably suspects that he is in danger, he may frisk the outer clothing of the person for a dangerous weapon. Also, if the officer reasonably suspects that the person possessed a dangerous weapon, he may search the person pursuant to La.C.Cr.P. art. 215.1(B). In the present case, the confidential informant told the police officers the defendant was armed when he traveled to the Snug Harbor Restaurant on Friday evenings. Accordingly, the police officers were justified in patting down the outer clothing of the defendant and, upon feeling an object which may have been a weapon, were justified in seizing that weapon. La.C.Cr.P. art. 215.1(C).
Accordingly, the trial court erred in granting the defendant's motion to suppress evidence. The police officers in the present case had reasonable suspicion of criminal activity and were justified in stopping and frisking the defendant. Therefore, the trial court's ruling on the motion to suppress is reversed and the motion to suppress is denied. The case is remanded for further proceedings consistent with this opinion.
WRIT GRANTED.