621 So.2d 199 (1993)
STATE of Louisiana
v.
Karry WILLIAMS.
No. 92-KA-1745.
Court of Appeal of Louisiana, Fourth Circuit.
July 1, 1993.
Harry F. Connick, Dist. Atty. of Orleans Parish, Jack Peebles, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff/appellee.
*200 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before ARMSTRONG, JONES and WALTZER, JJ.
JONES, Judge.
Defendant, Karry Williams appeals the trial court's judgment denying defendant's motion to suppress evidence. We reverse the trial court's judgment.
On September 13, 1990, Officers Keane and Vickers were on foot patrol in the Iberville Housing Project. Both officers were in uniform. As they entered the 1500 block of Bienville, they saw the defendant standing in the courtyard. At trial, Officer Keane, testified that when the defendant saw the uniformed officers, he turned immediately and quickly walked away. There was further testimony indicating that from behind, the officer saw the defendant "go into his waistband area with both hands." The officers testified that they suspected defendant may have been in possession of a weapon therefore they detained and frisked him. In the right side of the belt area, Officer Vickers found a metal pipe containing a copper wire with cocaine residue. The officers then arrested the defendant. No other evidence was found, and the defendant made no statements.
On December 11, 1991 the trial court heard the motion to suppress the physical evidence. After the court denied the motion, the defendant reserved his right to appeal the trial court's ruling and entered a guilty plea. The trial court sentenced him to serve two and one-half years at hard labor. This appeal follows that guilty plea and sentencing.
In his sole assignment of error, defendant alleges that the trial court erred in denying his motion to suppress the physical evidence seized at the time of arrest. The argument presented by the defendant is that the officers lacked reasonable grounds to make an investigatory stop. Alternatively, if such grounds existed, the search went beyond the permissible scope of a patdown for weapons.
Louisiana Code of Criminal Procedure article 215.1 provides for the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, an officer's right to make an investigatory stop of a particular individual must be based upon reasonable cause to believe that the suspect had been, is, or is about to be engaged in criminal conduct. La.C.Cr.P. art. 215.1.
For purposes of an investigatory stop and detention for interrogation, "reasonable cause" is something less than probable cause and must be determined under the facts of each case considering whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Albert, 553 So.2d 967 (La.App. 4th Cir.1989). The totality of circumstances must be considered in determining whether or not reasonable cause exists. Further, to assess the reasonableness of an officer's conduct, it is necessary to balance the harm of invasion against the need to search or seize. State v. Scott, 566 So.2d 394 (La. 1990). Although flight, furtive gestures, nervousness, or startled behavior at the sight of a police officer, is, by itself, insufficient to justify an investigatory stop, this type of highly suspicious conduct may be a factor leading to a finding of reasonable cause. State v. Carver, 531 So.2d 551 (La. App. 5th Cir.1988).
In the present case, defendant is arguing that he was unlawfully stopped by the police, making the seizure of the drugs the fruit of an unlawful stop. We agree.
The State relies on California v. Hodari D. 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) which is distinguishable from the instant case. In California v. Hodari D., officers patrolling in a high crime neighborhood spotted a group of youth who fled on foot upon seeing the officers. One officer chased the accused and saw him toss down a small rock that the officer believed might be crack cocaine. Only then did the officer tackle Hodari D. and restrain him. The *201 court rejected Hodari D.'s argument that the officer's show of authority by arriving on the scene constituted a seizure as it did not cause Hodari D. to stop. Therefore, the crack cocaine was admissible because it was abandoned and lawfully recovered by the police.
The facts of this case are similar to those shown in State v. Williams, 572 So.2d 756 (La.App. 4th Cir.1990) writ denied 576 So.2d 30 (La.1991). In Williams, a man was seen walking in a "high drug trafficking" area with a clasped hand. When he became nervous upon seeing officers, he entered a van which the officers subsequently stopped. The Court found insufficient reasonable suspicion to justify the investigatory stop. Karry Williams' act of walking away, with no other articulated grounds for "suspicion," did not give the officers sufficient basis to make an investigatory stop of him.
In Louisiana, it is well-settled that police cannot actively create street encounters, like the type created by the officers in the instant case, unless they have articulable knowledge of suspicious facts and circumstances sufficient to allow them to infringe upon the suspect's right to be free from governmental interference. State v. Hathway, 411 So.2d 1074, 1079 (La.1982). The officers testified that they were merely on a routine patrol without any reasonable suspicions when they encountered the defendant. Further, the officers also admitted that when they saw the defendant "fooling with his belt area" that there was "no telling" what he was doing and "it could have been several things." The only action of the defendant prior to the stop was that the defendant saw them, immediately turned and quickly walked away.
A hunch or suspicion of illegal activity or transactions is insufficient to establish reasonable grounds to stop a person. State v. Truss, 317 So.2d 177 (La. 1975). Further, the police must articulate specific facts on which that hunch or suspicion is based. State v. Williams, 421 So.2d 874 (La.1982). Karry William's action of turning immediately and walking away is not a suspicious act sufficient to form the basis for an investigatory stop.
Additionally, even a search incident to a valid investigatory stop (as distinguished from a search incident to arrest), is limited to a pat down or frisk for weapons. Terry v. Ohio, supra. Further, this pat down is limited to a frisk of the outer clothing. State of Louisiana v. Smason, 572 So.2d 710, 712 (La.App. 4th Cir.1990), writ denied 575 So.2d 376 (La.1991). It is unreasonable given the facts of this case that the officers believed that the small pipe in the defendant's waistband was a gun. The officer's seizure of a small pipe within the waistband of the defendant constitutes an unauthorized expansion of these rulings. Cases upholding similar searches are distinguished by the existence of additional suspicious elements related to the fleeing defendant. See: State v. Carver, supra, California v. Hodari D., supra. These factors range from tips from informants to open displays of contraband. In the present case, the defendant merely "fled" from the police and put his hands within his waistband. No other compelling circumstances existed to justify the subsequent detainment and search.
Accordingly, we reverse the trial court's judgment and find that the trial court should have granted defendant's motion to suppress the evidence. This case is remanded for further proceedings.
REVERSED AND REMANDED.