J2SCHOTT, Chief Judge.
Defendant was charged by bill of information with possession of diazepam (Valium), a violation of La. R.S. 40:969. At the preliminary hearing, the trial court found probable cause, and at a later hearing, the trial court denied his motion to suppress the statement and evidence. He subsequently entered a guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court’s ruling on the pre-trial motions. The trial judge sentenced defendant to serve two years, suspended the sentence and placed him on two years active probation.
Deputies Ruiz and Letort while on patrol on Judge Perez Drive in St. Bernard Parish saw the defendant, a Caucasian, walking northbound at 2:18 a.m. in the 2500 block of Walkers Lane, a predominantly black area known for drug trafficking. The officers decided to stop the defendant and ask him for identification. As they were slowing the patrol car, they noticed he had placed something in the left pocket of his shirt. The officers stopped the defendant, placed him against the patrol car and frisked him but found no weapons or drugs during the pat-down. They asked the defendant what he had put in his shirt pocket. |8He then took a plastic wrapping from a cigarette pack from the pocket. The plastic wrap contained four pills, which the defendant said belonged to his mother. Deputy Letort testified at the motion to suppress hearing that the defendant was advised of his right to remain silent before he spoke to the officers.
Deputy Ruiz testified at the preliminary hearing as to the facts stated above. However, on cross-examination he acknowledged that when he first saw the defendant, the defendant was walking by himself, had not come out from any house and had no contact with anyone on the street. He also acknowledged that there was no one else in the immediate area when the two officers approached the defendant. At the motion to suppress hearing, Deputy Letort testified as to the aforementioned facts. On cross-examination he stated that he and Deputy Ruiz stopped the defendant because he was walking in a predominantly black neighborhood known for heavy drug trafficking. He also stated that they saw no transactions taking place. He acknowledged that they decided to stop the defendant prior to seeing him reach to his shirt pocket because he was in a high drug trafficking area.
La. C. Cr. P. art. 215.1 authorizes a police officer to make a temporary stop of a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and demand of him his name, address and explanation of his actions. “Reasonable suspicion” is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990).
I4A stop in which a defendant is merely walking in a high crime area is unjustified. State v. Ellington, 96-0766 (La.App. 4 Cir. 9/4/96), 680 So.2d 174; State v. Williams, 621 So.2d 199 (La.App. 4 Cir.1993); State v. Williams, 572 So.2d 756 (La.App. 4 Cir.1990), writ denied, 576 So.2d 30 (La.1991); and State v. Stan, 97-2195 (La.App. 4 Cir. 10/29/97), 703 So.2d 83, writ denied, 97-2852 (La.2/18/98), 709 So.2d 762.
In this ease, neither police officer could articulate a reason for suspecting the defendant of criminal activity. In view of this, and the fact that there was absolutely no one else around and nothing taking place in the area when the officers decided to stop the defendant, it is clear that the stop was unlawful and the trial judge erred in concluding otherwise. Nonetheless, once the officers detained the defendant, frisked him and found no weapons, he should have been free to leave. The officers gave no reason for the continued detention and questioning. Because the initial stop and frisk were invalid, seizure of the contraband was unlawful.
Accordingly, the judgment of the trial court denying defendant’s motion to suppress is reversed and the motion is granted. Defendant’s guilty plea is vacated and the case *751 is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.