732 So.2d 77 (1999)
STATE of Louisiana
v.
John F. KELLER.
No. 98-KA-0502.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1999.
Yvonne Chalker, Louisiana Appellate Project, New Orleans, LA, Attorney for Appellant.
Harry F. Connick, District Attorney, Theresa Tamburo, Assistant District Attorney, New Orleans, LA, Attorneys for Appellee.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MIRIAM G. WALTZER, Judge Pro Tempore PHILIP C. CIACCIO.
WALTZER, Judge.
Defendant appeals the trial court's decision denying his motion to suppress evidence, a packet of cocaine, found in defendant's mouth after the police stopped him for questioning.

STATEMENT OF THE CASE
Defendant was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967(C)(2). He was arraigned and entered a plea of not guilty. On 27 March 1997, following the hearing on defendant's motion to suppress the evidence and statement, the trial court denied both motions. Through counsel, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La. 1976). Defendant was sentenced to serve four years at hard labor with credit for time served. Defendant's sentence was suspended, and defendant was placed on five years active and supervised probation with special conditions.

STATEMENT OF THE FACTS:
Officer Randy Lewis testified that on 14 January 1997, at approximately 7:30 p.m., he and two officers assigned to the ATF Safe Home Task Force were patrolling the area of S. Johnson and Third Streets in response to complaints of illegal drug activity. As the officers drove south on S. Johnson Street, they observed defendant hastily walk away from the intersection at a very fast pace and toward a parked truck. As the officers passed defendant, *78 defendant removed a small white object from his right pants pocket and shoved the object into his mouth. Officer Lewis testified that this behavior is typical of drug activity. This fact, plus the fact that the area was known for drug activity, prompted Officer Lewis to stop. He exited his vehicle and approached defendant as defendant was attempting to enter the truck parked on S. Johnson Street. Officer Lewis told defendant he needed to speak to him. He asked defendant his name. When defendant attempted to answer, Officer Lewis observed the white packet of cocaine in defendant's mouth. Officer Lewis restrained defendant and ordered him to spit out the cocaine. Defendant complied. Defendant was arrested and informed of his rights.
On cross-examination, Officer Lewis testified that when he approached defendant, he had not observed defendant commit any crime.

ERRORS PATENT:
A review for errors patent reveals none.

DISCUSSION:
By his sole assignment of error, defendant asserts the trial court erred in not granting his motion to suppress the evidence. Specifically, defendant argues the officers lacked reasonable suspicion to justify the investigatory stop.
The authorization for a temporary stop by a police officer of a person in a public place is set forth in LSA-C.Cr.P. art. 215.1, which provides in part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Guy, 575 So.2d 429 (La.App. 4 Cir.1991), writ den. 578 So.2d 930 (1991); State v. Smith, 573 So.2d 1233 (La.App. 4 Cir.1991), writ den. 577 So.2d 48 (1991); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990); State v. Jones, 483 So.2d 1207 (La.App. 4 Cir.1986), writ den. 488 So.2d 197 (1986). As this court noted in Johnson;
"Reasonable suspicion" is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Jones, supra. Mere suspicion of activity is not a sufficient basis for police interference with an individual's freedom. State v. Williams, 421 So.2d 874 (La.1982).
Johnson, at 1033. See also Guy; Smith.
An investigatory stop is a "seizure" that must be justified by some objective manifestation that the person is or is about to be involved in criminal activity. The detaining officers must have knowledge of specific, articulable facts, which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Vance, 633 So.2d 819 (La.App. 4 Cir.1994). Probable cause exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Tomasetti, 381 So.2d 420, 423 (La.1980), citing Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The nature of the area, in which the activity of the defendant is observed, is relevant. High crime areas are places in which the character of the area gives color to conduct which might not otherwise arouse the suspicion of the officer. State v. Buckley, 426 So.2d 103 (La.1983).
Defendant cites two cases in support of his claim that the officers lacked reasonable suspicion to stop him. In State v. Williams, 621 So.2d 199 (La.App. 4 Cir. 1993), two police officers observed the defendant standing in a courtyard of a housing project. When the defendant saw the officers, he turned and immediately and *79 quickly walked away. The officers observed the defendant reach into his waistband with both hands. Believing the defendant had a weapon, the officers stopped and frisked the defendant. He was unarmed, but the officers did find a metal pipe containing a copper wire with cocaine residue. On reversing the trial court's denial of the defendant's motion to suppress the evidence, this court found that the fact that the defendant immediately and quickly walked away did not create reasonable suspicion to stop the defendant.
In another case entitled State v. Williams, 572 So.2d 756 (La.App. 4 Cir. 1990), two plain clothes officers were patrolling a housing project when they saw a white van parked near some abandoned buildings where numerous narcotics arrests had been made. The officers observed a man leave one of the abandoned buildings and walk toward the van with his hands clasped. Upon seeing the officers, the man began to walk faster. When he reached the van, he entered it, leaving the door open, and handed something to the defendant. The officers blocked the van and searched it, finding five plastic bags containing cocaine. The defendant was arrested. This court reversed the trial court's denial of defendant's motion to suppress the evidence finding that nervousness, combined with walking with a clasped hand in an area known for drug activity, was insufficient to justify an investigatory stop.
However, we further considered the case of State v. Desmond, 593 So.2d 965 (La.App. 4 Cir.1992) writ denied 600 So.2d 637 (La.1992). In Desmond police officers were working a drug task force detail and patrolling in an unmarked police car in an area known for high drug traffic. The officers saw the defendant walking toward the police vehicle, but upon seeing the vehicle, the defendant turned and walked in the other direction. The officers saw the defendant place a plastic object, which the officers believed was narcotics, into his mouth. The officers stopped the vehicle, yelled to the defendant to stop, and grabbed him by the throat to prevent him from swallowing the object. This court stated: "By observing the defendant place a plastic packet in his mouth (while turning to walk back in the direction from which he had just walked) upon seeing the officers, and based upon his experience as a narcotics officer, Ducet had reasonable suspicion that the defendant was attempting to swallow contraband and therefore had a reasonable basis for an investigatory stop." Desmond, supra at 969.
The facts of Desmond are very similar to the instant case. Here, the officers observed defendant place a white object in his mouth, behavior typical of drug activity. Just as in Desmond, Officer Lewis had reasonable suspicion to stop defendant and ask his name. When defendant opened his mouth to answer, Officer Lewis observed defendant in possession of the cocaine. Thus, Officer Lewis had probable cause to arrest defendant for possession of cocaine.

CONCLUSION:
The trial court's judgment denying defendant's motion to suppress is correct. We affirm defendant's conviction and sentence.
AFFIRMED.