JjMAX N. TOBIAS, JR., Judge.
Verdell Lange, the defendant was charged with a violation of La. R.S. 40:967(c)(2), possession of crack cocaine. He entered a guilty plea under State v. *399 Crosby, 338 So.2d 584 (La.1976) and was sentenced pursuant to La. R.S. 15:574.5, the About Face Program (Intensive incarceration and parole supervision of persons held by sheriffs in eligible parishes), to three years at hard labor in the Department of Corrections with the special conditions that the defendant obtain his GED and receive substance abuse counseling in the About Face Program. The district court indicated that it would reconsider the sentence on a motion filed by 17 December 2002 and that the court would “let Mr. Lange out” upon successful completion of the special conditions.
The defendant argues to this Court that officers did not have reasonable suspicion to stop him, and that consequently, the trial court erred in denying his motion to suppress evidence and statements when officers observed him showing another young man something in his hand as the two stood on the street.

¡¿STATEMENT OF FACTS

Officer William Ceravolo of the New Orleans Police Department testified at the hearing on the defendant’s motion to suppress evidence that at 6:40 p.m. on 5 September 2001, he and his partner were on patrol in a marked police car on Urquhart Street approaching Annette Street. The officers observed the defendant standing on the “downtown lake corner” of the intersection, showing a young man something that he held in his hand. When the defendant noticed the officers, he closed his hand, put the object in the left pocket of his pants, and started walking lake-bound on Annette, away from the officers. The officer testified that he thought they had interrupted a drug transaction and immediately stopped the two men in the 1300 block of Annette Street.
Officer Ceravolo patted down the defendant for weapons, based on his experience that weapons and narcotics are commonly located together, and he felt a large two-inch diameter object in the defendant’s left pants pocket, which he suspected was cocaine based on his experience and the feel of the object. The officer retrieved the object from the defendant’s pocket and determined that it was thirty-four rocks of cocaine wrapped in cellophane. The defendant made the following statement as the officer retrieved the object from his pocket: “That’s not for me, that’s for Corey. I’m just holding it for him.” The officer then placed the defendant under arrest for possession of cocaine.

ERRORS PATENT

A review of the record for errors patent reveals none.

DISCUSSION

The defendant argues that officers did not have reasonable suspicion to stop him, and that consequently, the trial court erred in denying his motion to suppress evidence and statements, when officers observed him showing another young man something in his hand as the two stood on the street. The officers observed no money and could not actually identify what was in defendant’s hand as they observed the two men. The officer did not testify that there had been any reported complaints of drug activity or testify that the area was knoym for drug trafficking.
The State argues that under the totality of the circumstances, it was reasonable for the officers to suspect that the defendant possessed illegal narcotics and was about to engage in a drug transaction. The officers were patrolling in the evening, observed the defendant standing on a street corner showing another male something he was holding in his hand, and as the officers approached, the defendant and his companion exhibited furtive behavior and left the scene. Consequently, the State argues that the officers had reasonable suspicion *400 to stop the men, and upon discovery of the cocaine in the defendant’s pocket, the officers had probable cause for their arrest.
A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense. La. C. Cr. P. art. 215.1. Reasonable suspicion for an investigatory stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient articu-lable facts to justify an infringement on the suspect’s rights. State v. Matthews, 94-2112 (LaApp. 4 Cir. 04/26/95), 654 So.2d 868. In assessing the reasonableness of an investigatory stop, the court must balance the need for the stop against the invasion of privacy the search entails. State v. Carter, 99-0779, p. 6 (La.App. 4 Cir. 11/15/00), 773 So.2d 268, 274. The detaining officers must have knowledge of specific, articulable facts, which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Dennis, 98-1016, p. 5 (La.App. 4 Cir. 9/22/99), 753 So.2d 296, 299. In reviewing the totality of the circumstances, the officer’s past experience, training, and common sense may be considered in determining if his inferences from the facts were reasonable. State v. Hall, 99-2887, p. 4 (La.App. 4 Cir. 10/04/00), 775 So.2d 52, 57. Deference should be given to the experience of the officers who were present at the time of the incident. State v. Ratliff, 98-0094, p. 2 (La.App. 4 Cir. 05/19/99), 737 So.2d 252, 254. A trial court’s ruling on a motion to suppress the evidence is entitled to great weight because the court has the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Devore, 2000-0201, p. 6 (La.App. 4 Cir. 12/31/00), 776 So.2d 597, 601-02.
We have made it clear that citizens, even those living in public housing projects, are free to walk away when they see police, even if they are seen, or suspected of, holding an object the police cannot identify. In State v. Hughes, 99-2554 (La.App. 4 Cir. 5/31/00), 765 So.2d 423, police officers stopped the defendant because they saw him put a white object into his pants pocket and hurriedly entered a grocery store when he observed them. There was no testimony that the area where the officers spotted Hughes was known for drug trafficking or testimony of any recent complaints of drug activity in the area. In addition, there was no evidence that Hughes was known to the officers, or that they had any information linking him to drug trafficking. The officer testified that “19 years of Ispolice experience” led him to believe that Hughes was engaged in drug activity. However, “a hunch or suspicion of illegal activity or transactions is insufficient to establish reasonable grounds to stop a person.” State v. Williams, 621 So.2d 199, 201 (La.App. 4 Cir.1993). Hence, we held that the totality of the circumstances did not justify stopping Hughes because the State failed to elicit adequate information from the arresting officer for a finding of reasonable suspicion to support the detention of Hughes. 99-2554 at p. 6, 765 So.2d at 427.
Similarly, in State v. Dappemont, 98-0446 (La.App. 4 Cir. 3/17/99), 734 So.2d 736, the defendant was standing in a courtyard of the St. Bernard Housing Project. When he saw the police officers, he walked away and placed his hands into his waistband area. The officers stopped him and ordered him to remove his hands. When he did so, the officers noticed a white piece of paper protruding from his zipper area. The officer conducted a pat-down search, *401 and discovered a bulge where the paper was sticking out. He removed the bulge and found a red, white, and blue bag containing marijuana. This court affirmed the trial court’s ruling suppressing the evidence, noting that there was no testimony that the officer saw the defendant engaged in drug activity or that he saw the defendant attempt to conceal a suspicious object. Id. at pp. 12-13, 734 So.2d at 741-42.
In State v. Ellington, 96-0766 (La.App. 4 Cir. 9/4/96), 680 So.2d 174, this court affirmed a judgment granting a motion to suppress. In that case, the police officer testified that he saw the defendant standing in an area known for high drug activity, and, upon seeing the marked police car, the defendant put his hands in his pocket as if attempting to conceal something. Thinking that this activity was suspicious and that the defendant was trying to conceal something in his pocket, possibly drugs, the officer stopped the defendant and conducted a pat-down search. |fi A folding knife was found in the defendant’s right rear pants pocket. The officer then shined a flashlight into the same pocket and found a glass vile containing cocaine residue. This court found that these facts were not sufficient to justify the stop of the defendant, noting that the officer did not testify that he saw the defendant engaging in what appeared to be a drug transaction, or that he saw a suspicious object, which the defendant attempted to conceal. Id. at p. 3, 680 So.2d at 175-76. Further, we stated that even if the initial stop was justified, the subsequent pat-down frisk of the defendant was not because La.C.Cr.P. art. 215.1 only allowed a frisk of outer clothing for a dangerous weapon. Since the officer did not testify to any particular facts from which he could reasonably infer that the defendant was armed and dangerous, this court held that the pat-down frisk was not justified. Id. at p. 3, 680 So.2d at 176.
Likewise, in State v. Williams, 621 So.2d 199 (La.App. 4th Cir.1993), the defendant was seen standing in a courtyard of a housing project. When he saw the police officers, “he turned immediately and quickly walked away.” The officers also saw him “fooling with his belt area.” The trial court denied the defendant’s motion to suppress the pipe the officers seized after the defendant was stopped and frisked, but this court reversed the trial court’s ruling. We found that these facts did not justify the initial stop of the defendant, and even if the stop was legal, the officers provided no evidence to justify the subsequent pat-down frisk. Id. at 201.
Accordingly, we find that the stop of the defendant in the instant case was not justified. The State failed to elicit any information from Officer Ceravolo for a finding of reasonable suspicion to support the detention of the defendant. No testimony was presented that the area where the officers spotted Lange was known 17for drug trafficking or testimony of any recent complaints of drug activity in the area. In addition, no evidence was presented that Lange was known to the officers, or that they had any information linking him to drug trafficking. Finally, the officers observed no money and could not even see, much less identify, the object, if any, in defendant’s hand as they observed the two men. A hunch or suspicion is simply insufficient to establish reasonable grounds to stop a person.
Even if it were found that the evidence presented by the State justified the stop, the testimony does not establish that Officer Ceravolo had any particularized ground to frisk the defendant.
If a police officer stops a person whom he reasonably suspects is committing, has committed, or is about to com *402 mit a crime, pursuant to La.C.Cr.P. art. 215.1A, and reasonably suspects he is in danger, the officer may frisk the outer clothing of such person for a dangerous weapon; if the officer reasonably suspects that the person possesses a dangerous weapon, he may search the person. La. C.Cr.P. art. 215.1B; State v. Curtis, 96-1408, pp. 2-3 (La.App. 4 Cir.10/2/96), 681 So.2d 1287, 1289. As noted by this court in State v. Denis, 96-0956 (La.App. 4 Cir. 3/19/97), 691 So.2d 1295:
While it is true that an officer is never justified in conducting a pat down for weapons unless the original detention itself was justified, a lawful detention for questioning does not necessarily give the officer the authority to conduct a pat down for weapons. Even after a lawful investigatory stop, a police officer is justified in frisking the subject only under circumstances where a “reasonably prudent man would be warranted in the belief that his safety or that of others was in danger.” Terry v. Ohio, 392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909. Further, the officer’s belief is not reasonable unless the officer is “able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.” Sibron v. New York, 392 U.S. [40] at 64, 88 S.Ct. [1889] at 1903, 20 L.Ed.2d [917] at 935 [1968]. It is not necessary that the investigating officer establish that it was more probable than not that the detained individual was armed and dangerous; it is sufficient that he establish a “substantial possibility” of danger. State v. Hunter, 375 So.2d 99, 101-102 (La.1979) (final citation omitted).
In this case, there was no evidence presented at the hearing on the motion to suppress concerning whether Officer Cera-volo reasonably believed the defendant was armed. Officer Ceravolo testified: “I stopped Mr. Lange. I advised him to place his hands on the car. I then conducted a pat down for weapons based on the fact that I just believed I interrupted a drug transaction and the fact that weapons and narcotics are commonly located together.” Despite this explanation, Officer Ceravolo did not allude to any circumstances, which would have led him to believe he was in danger or that the defendant was armed. State v. Denis, supra, requires that the officer not only articulate his suspicion, but also explain its basis. Considering the lack of any evidence to justify a reasonable suspicion by Officer Ceravolo that the defendant either posed a danger to him or others, or was armed, the officer was not justified in frisking Lange. Because the officer did not have a reasonable basis to suspect a drug transaction, he cannot rely on an unreasonable stop to justify the pat-down.

CONCLUSION

We find that the trial court erred in denying the defendant’s motion to suppress. Therefore, the defendant’s conviction and sentence are reversed.

REVERSED.

ARMSTRONG, J., DISSENTS.