946 So.2d 222 (2006)
STATE of Louisiana
v.
Johnny KELLY.
No. 2006-KA-0475.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 2006.
*223 Eddie J. Jordan, Jr., District Attorney, Battle Bell IV, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge Max N. Tobias Jr., Judge David S. Gorbaty, Judge Edwin A. Lombard).
EDWIN A. LOMBARD, Judge.
The State charged defendant with simple possession of heroin in violation of La.Rev.Stat. 40:966. After the trial court heard and denied a motion to suppress the evidence, the defendant pleaded guilty as charged, reserving his right to appeal the court's adverse ruling on the suppression issue. State v. Crosby, 338 So.2d 584 (La. 1976). The court sentenced the defendant to four years imprisonment at hard labor, suspended, and placed him on active probation for two. After reviewing the record in light of the applicable law and arguments of the parties, we find no error in the trial court judgment denying the defendant's motion to suppress.
Burden of Proof and Standard of Review
The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (warrantless entries *224 into the home for arrest or seizure are invalid in the absence of exigent circumstances). Similarly, the Louisiana Constitution provides that "[e]very person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." La. Const. Art. I § 5. Accordingly, because the evidence in this case was seized without a warrant as required by the Fourth Amendment of the U.S. Constitution and the Louisiana Constitution, Art. I § 5, the burden is on the State to show that a search is justified by some exception to the warrant requirement. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); State v. Tatum, 466 So.2d 29 (La.1985); State v. Pomes, 376 So.2d 133 (La.1979). Trial courts are vested with great discretion when ruling on a motion to suppress and, consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. State v. Long, 2003-2592, p. 5 (La.9/9/04), 884 So.2d 1176, 1179 (citation omitted).
Relevant Facts
The sole witness presented by the State at the hearing on the defendant's motion to suppress was Officer Desmond Pratt, Sr., an officer of the New Orleans Police Department officer assigned to the Iberville Housing Development. Officer Pratt testified that, after receiving complaints from several residents of the housing project, an area well-known for illegal drug activity, of drug trafficking in the specific hallway of a building located in the 1300 block of Bienville and while on foot patrol of the housing project on the evening of March 18, 2005, he observed the defendant walking out of the hallway specified in the resident's complaints and looking down at an object in his right hand. When the defendant observed the uniformed officer, he immediately closed his hand, put his hand in his pocket, and moved in a nervous manner. Officer Pratt initiated an investigatory stop of the defendant and, for safety reasons, asked him to remove his hands from his pocket. The defendant stated his name but continued to move away from the officer with his hands in his pocket. Officer Pratt physically moved to force the defendant to remove his hand from his pocket. At that point, the defendant, saying "all right, all right," opened his hand to reveal a syringe and a piece of foil. The foil was found to contain a powdered substance consistent with heroin. Officer Pratt then placed the defendant under arrest.
During cross-examination, Officer Pratt explained that the hallway from which the defendant had exited contained two apartments, one of which was abandoned and one of which was occupied. He further testified that the person living in the occupied apartment was the one who complained about a person trespassing and buying drugs in the hallway.
Discussion
A police officer has the right to detain briefly and interrogate a person when the officer has a reasonable articulable suspicion that the person is, has been, or is about to be engaged in criminal conduct. La.Code Crim. Proc. art. 215.1; see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (to justify investigatory stop police must articulate something more than an inchoate and unparticularized suspicion or hunch); State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048 (the level of suspicion for an investigatory stop need not rise to the probable cause required for a lawful arrest); State v. Kalie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881 (in making a brief investigatory stop on less than probable cause to arrest, the police must have a particularized and objective basis for suspecting the particular person *225 stopped of criminal activity); State v. Moreno, 619 So.2d 62 (La.1993) (an investigative stop must be justified by some objective manifestation that the person to be stopped is or is about to be engaged in criminal activity); State v. Williams, 421 So.2d 874 (La.1982) (mere suspicious activity is not a sufficient basis for police interference with an individual's freedom).
If an officer stops a person pursuant to Article 215.1, the officer may conduct a limited pat down frisk for weapons if he reasonably believes that he is in danger or that the suspect is armed. La.Code Crim. Proc. art. 215.1(B).
Upon review, this court looks at the totality of the circumstances of each case, "a process which allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." U.S. v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (citation and internal quotation marks omitted); see State v. Robertson, 97-2960 (La.10/20/98), 721 So.2d 1268 ("reasonable suspicion" is something less than probable cause, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of an individual's right to be free from governmental interference); see also State v. Williams, 421 So.2d 874, 875 (La.1982)(determining whether "reasonable, articulable suspicion" existed requires weighing all of the circumstances known to the police at the time the stop was made).
In reviewing the totality of circumstances, the reputation of an area is an articulable fact upon which a police officer may legitimately rely and is therefore relevant in the determination of reasonable suspicion. State v. Buckley, 426 So.2d 103, 108 (La.1983) (citing U.S. v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975)). Pertinent facts and circumstances must be articulated, i.e., testified to in court by law enforcement officials. State v. Temple, XXXX-XXXX, p. 6 (La.9/9/03), 854 So.2d 856, 860; State v. Hughes, 99-2554 (La.App. 4 Cir. 5/31/00), 765 So.2d 423, writ denied 00-1981 (La.6/1/01), 793 So.2d 179 (state failed to elicit adequate information from the officers to support a finding of reasonable suspicion); State v. Ellington, 96-0766 (La.App. 4 Cir.9/4/96), 680 So.2d 174 (officer failed to testify as to sufficient particular facts to justify stop or subsequent pat-down frisk); State v. Williams, 621 So.2d 199, 201 (La.App. 4 Cir.1993) (testimony that defendant standing in courtyard of housing project turned, walked away, and "fool[ed] with his belt area" upon seeing police did not justify initial stop, and even if stop was legal, officers provided no evidence to justify subsequent pat-down frisk).
In this case, the police officer articulated an objective justification for the investigatory stop: After receiving complaints from a resident of a particular building about drug transactions occurring in the hallway of building, he observed the defendant walk out of that particular hallway with something in his hand that he furtively put in his pocket upon seeing the uniformed police officer. After initiating the investigatory stop, to insure his own safety the police officer was clearly justified in asking the defendant to remove his hands from his pockets and in taking action to insure immediate compliance with that request. Once his hand was removed from his pocket, the defendant said, "all right, all right" and opened his hand, revealing the evidence he seeks to suppress, a syringe and packet of heroin. Under *226 these circumstances, we find no error in the trial court's denial of the defendant's motion to suppress the evidence.
Conclusion
For the foregoing reasons, we find that the trial court did not abuse its discretion in denying the defendant's motion to suppress the evidence. Accordingly, we affirm the defendant's conviction and sentence.
AFFIRMED.